## CAHILL v. BAIRD.*

### S. F. No. 2498; December 16, 1902.

#### 70 Pac. 1061.

New Trial—Statement.—Under Code of Civil Procedure, section 659, subdivision 3, providing that on motions for new trial for insufficiency of the evidence the notice shall specify the particulars in which the evidence is alleged to be insufficient, where a statement which does not contain all the evidence is stipulated to be correct, and is certified by the judge to have been settled and allowed, it will be inferred that only so much of the evidence has been inserted as is necessary to explain the grounds specified in the notice.

Attorney—Right to Compensation.—Under Code of Civil Procedure, section 1855, subdivision 5, providing that "there can be no evidence of the contents of writings other than the writing itself, except . . . . when the original consists of numerous documents, . . . . and the evidence sought from them is only the general result of the whole," it would not be necessary, in order to prove the character and value of the services rendered by an attorney in an action, to produce the record.

Attorney—Entire Contract of Employment.—The General Employment of an attorney to defend a case is an entire contract, and, if he withdraws without cause, or is discharged for justifiable reasons, before the contract is completed, he cannot maintain an action for the value of his services.

APPEAL from Superior Court, City and County of San Francisco; George H. Bahrs, Judge.

Action by William Cahill against Veronica C. Baird. From an order denying defendant's motion for a new trial after a verdict for plaintiff she appeals. Reversed.

John S. Partridge for appellant; Wm. J. Herrin for respondent.

SMITH, C.—This is an appeal by the defendant from an order denying her motion for a new trial. The suit was brought to recover the sum of $1,500 alleged to be due to the plaintiff's assignor, of which amount the principal item was a charge of $1,000 for services in a suit brought against the defendant here by her daughter, Mrs. Baldwin, to recover

---

*For subsequent opinion in bank, see 138 Cal. 691, 72 Pac. 342.

stock transferred by her to her mother. The jury found for the plaintiff in the sum of $925, for which judgment was entered. The grounds urged for reversal are: Misconduct of the jury, the specific form of the objection being that the assent of the jurors, or of one or more of them, was induced "by a resort to the determination of chance"; remarks made by the judge in the course of the trial claimed by the appellant to have evinced a prejudgment of the case, and to have prejudiced the jury; the exclusion of certain testimony; and error in instructing and failing to instruct the jury.

1. To the first point the preliminary objection is made that the affidavits relied on are not incorporated in a bill of exceptions, as required by rule 29 (64 Pac. xii) of this court. But, under the view we take of the case, it will be unnecessary to consider this point. Objection is also made to the statement on the ground that it is stipulated that "it does not contain all the evidence." But in view of the stipulation of the attorneys that "the statement is correct," and of the certificate of the judge that it is "settled and allowed," this is to be commended, rather than complained of, since it is to be inferred that only so much of the evidence has been inserted as was necessary to explain the grounds specified in the notice: Code Civ. Proc., sec. 659, subd. 3; Adams v. Lambard, 80 Cal. 436, 437, 22 Pac. 180.

2. As to the first of the three remaining points of error assigned, we find nothing objectionable in what was said by the judge. All except one of the instances of supposed injurious remarks are merely rulings of the court on the admission and exclusion of evidence, couched in appropriate and unobjectionable terms. The remaining instance was a question to the attorneys as to a point of law suggested by the evidence offered, and was not only altogether appropriate, but could have suggested nothing to the jury that was not favorable to appellant.

3. With regard to the third point, we do not understand—as stated in appellant's brief—that the court refused "to allow defendant to introduce any testimony as to former charges made by Mr. Hurd," plaintiff's assignor, etc. The actual ruling was to exclude the judgment-roll in the former case of Baird v. Baird (in which defendant as trustee was a party), and, as this does not appear in the statement, we cannot determine whether it was admissible, or, if admissible,

whether the error would have been prejudicial. Possibly the appellant's attorney understood the ruling to be as stated in his brief, but, if he desired to prove the character and value of the services rendered by the plaintiff's assignor in the former case, it was unnecessary to produce the record: Code Civ. Proc., sec. 1855, subd. 5. The question whether evidence on the point was admissible is not presented by the record, and is therefore not passed on.

4. The court charged the jury, in effect, that, while the employer may terminate the contract of employment where the one employed uses improper, insulting or profane language, especially where the employer is a lady of refinement, etc., in such case the attorney would be entitled to recover the reasonable value of his services up to that time, "unless there has been a contract by which he has bound himself to do some work which in its nature would be indivisible—where it would necessarily be an entire and complete contract; but there is no evidence of such contract in this case," etc. And the court refused to give the following instructions asked by the defendant: "You are instructed that, when a client employs an attorney for a specific action, that is an entire contract; and if you find that the attorney broke the contract himself, or acted in such a manner as to make the relation of attorney and client no longer possible, you must find that the attorney is not entitled to any compensation." The latter instruction should have been given, and the instruction given, in so far as it conflicts with it, and especially the instruction to the jury that "there is no evidence of such a contract in this case," and the part of the instruction following, which was, in effect, to find for the plaintiff as to services rendered by his assignor in the case of Baldwin v. Baird, were erroneous. We have no doubt that the general employment of an attorney to defend a case is an entire contract, or that, if the contract is terminated by his withdrawal from the case without cause, or he is discharged for justifiable reasons, he cannot maintain an action for the value of his services: Holmes v. Evans, 129 N. Y. 140, 29 N. E. 233; Walsh v. Shumway, 65 Ill. 471; McArthur v. Fry, 10 Kan. 233; Moyers v. Graham, 15 Lea (Tenn.), 57. In the Illinois case cited the effect of the decision is somewhat impaired by the observation of the court, after stating that the contract in question was an entirety, that "of course it differs from a case where an attor-

ney has been retained without a specific contract.'' But in every case where an attorney is employed to represent a party in a suit generally, there is, we understand, a specific contract to do so, as there is in all cases of executory contracts to perform services: Moyers v. Graham, 15 Lea (Tenn.), 60.

We advise that the order appealed from be reversed and the cause remanded for a new trial.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is reversed and the cause remanded for a new trial.