### YOUNG v. TIAN.

### No. 11151.

Court of Civil Appeals of Texas. Galveston.

March 27, 1941.

C. F. Stevens, of Houston, for appellant.

Mandell & Wright, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the county court at law of Harris County, entered solely upon a jury's verdict in response to special issues submitted—the court itself having made no additional findings from the evidence—denying the appellant any recovery against the appellee, upon the former's suit against the latter, wherein he sought a recovery for the sum of $250 claimed to be due him as attorney's fees for having represented the appellee as an attorney in the divorce suit of M. J. v. T. V. Tian, in the district court of Harris County, primarily under an express contract between them for that sum, and alternatively on quantum meruit for the reasonable value of the services he had actually rendered in that behalf, declared to equal that sum.

The gist of the appellant's pleadings in the two particulars indicated was this:

"M. J. Tian made and entered into an agreement of employment with said plaintiff on or about the 25th day of May, A. D. 1938, whereby he agreed to pay to plaintiff the sum of Two Hundred Fifty ($250.00) Dollars, cash fee, for representing him in said divorce and property case. This plaintiff agreed for said sum of Two Hundred Fifty ($250.00) Dollars to be paid in cash, to accept employment and represent the said M. J. Tian in such litigation, and in pur-

suance of such employment, did enter upon the performance of legal services in connection therewith, and continued to diligently attend to such matters for approximately five (5) months; that during all of such time, the said M. J. Tian repeatedly assured plaintiff that he would pay the Two Hundred Fifty ($250.00) Dollars, as agreed upon, but failed so to do, although demand therefor has often been made.  *  *  *"

"The plaintiff further accordingly presents this alternative plea to recover upon a quantum meruit, in the event it should be held that plaintiff is not entitled to recover the two hundred fifty ($250.00) dollars alleged to be due by defendant to him on the specific contract hereinbefore alleged, and plaintiff alleges that the defendant, with full knowledge and consent, received the benefits of the said services rendered by the plaintiff as his attorney in said divorce and property suit, and the defendant, accordingly, by implication, agreed to pay the plaintiff the reasonable value for his said services rendered by him for the defendant in said cause. That the reasonable value of the services of the plaintiff rendered for the benefit of the defendant was in the sum of two hundred fifty ($250.00) dollars."

A like résumé, without undertaking any details, which is not at this stage deemed indispensable, of the appellee's answer to such declarations is thus stated in his brief: "Appellee answered this suit, alleging appellant did not discharge his obligations under the contract to properly and diligently handle all the matters in the divorce suit, alleging numerous breaches of the contract, and pleading that, as a result of such breach, he, appellant, was discharged for cause, and appellee was not indebted to him in any amount."

After at much length hearing full evidence presented by both sides, the court submitted issues of fact, which, together with the jury's findings thereon, are thus reproduced in the judgment:

"No. 1. Do you find from a preponderance of the evidence that M. J. Tian agreed to pay Dick Young the sum of $250.00 to represent him in the trial in the case of M. J. Tian v. J. V. Tian pending in the district court of Harris County, Texas?

"To which the jury answered: 'Yes'.

"No. 2. Do you find from a preponderance of the evidence that the plaintiff, Dick Young, rendered legal services to the defendant, M. J. Tian, prior to being discharged as attorney in said cause on or about the 15th of October, 1938?

"To which the jury answered: 'Yes'.

"No. 3. If you have answered Special Issue No. 2 'Yes', and only in that event, then answer:

"Do you find from a preponderance of the evidence that the defendant, M. J. Tian, had knowledge that said legal services, if any, were being rendered to him by the plaintiff, Dick Young?

"To which the jury answered: 'Yes'.

"No 4. If you have answered Special Issue No 3. 'Yes', and only in that event, then answer:

"Do you find from a preponderance of the evidence that M. J. Tian, the defendant, accepted the legal services rendered by the plaintiff, Dick Young, if any, for the use and benefit of said M. J. Tian?

"To which the jury answered: 'Yes'.

"No. 5. If you have answered Special Issue No. 4 'Yes', and only in that event, then answer:

"What sum of money do you find from a preponderance of the evidence to be the reasonable market value of said legal services, if any, rendered by the plaintiff, Dick Young, to the defendant, M. J. Tian?

"To which the jury answered: '$85.00'.

"No. 6. Do you find from a preponderance of the evidence that the plaintiff, Dick Young, agreed to dispose of the divorce-suit for the defendant, M. J. Tian, within thirty days from May 25, 1938?

"To which the jury answered: 'Yes'.

"No. 7. Do you find from a preponderance of the evidence that the plaintiff, Dick Young, told the defendant, M. J. Tian, that he would dispose of the divorce suit for the defendant, M. J. Tian, during the month of October, 1938, or that the defendant, M. J. Tian, would not owe him, Dick Young, anything for legal services?

"To which the jury answered: 'No'.

"No. 8. Do you find from a preponderance of the evidence that the plaintiff, Dick Young, failed to exercise reasonable diligence in defending the defendant, M. J. Tian's rights in the divorce-suit filed in behalf of the defendant, M. J. Tian?

"To which the jury answered: 'Yes'.

"No. 9. Do you find from a preponderance of the evidence that the plaintiff, Dick Young, failed to render proper legal services to the defendant, M. J. Tian, in the

divorce-suit filed in behalf of the defendant, M. J. Tian?

"To which the jury answered: 'Yes'."

Neither side has challenged the sufficiency of the evidence to sustain any of the quoted findings, but each claims that he was entitled to a judgment on such verdict, the appellee upon his view that, to quote his own language: "The jury adopted appellee's defense of breach of contract"; the appellant, upon the contention that, if not entitled to the agreed-upon $250 for the full performance of the express contract for that sum, he was at least entitled to the $85 the jury found his services the appellee had known of and accepted the benefits of were reasonably worth.

This court, after careful consideration of the unduly-long record, is of the opinion that, under the jury's findings, together with the undisputed showing from the record aliunde, the appellant's position is correct, and that the learned trial court's contrary decree was not justified under the pleadings and the verdict.

In support of that judgment, which apparently was the theory of law upon which it was rendered, the appellee, by counterproposition in this court, thus responds to appellant's contention:. "Party suing under a specific contract is not entitled to recover under his alternative plea of quantum meruit, when the jury found that there was an express contract entered into, and that such contract was breached by the plaintiff."

He cites in support thereof these authorities: "[In re Montgomery's Estate, 272 N. Y. 323, 6 N.E.2d 40,] A.L.R. Vol. 109, p. 669; Bloom v. Irving Trust Co., 152 Misc. 50, 272 N.Y.S. 637; Cahill v. Baird, 7 Cal. Unrep. 61, 70 P. 1061; Corpus Juris, Vol. 6, p. 725, sec. 294; Corpus Juris Secundum, Vol. 7 [Attorney and Client] § 183; In re Badger, 2 Cir., 9 F.2d 560; Greenwood v. Senter, Tex.Civ.App., 44 S.W.2d 504; White & Black Rivers Bridge Co. v. Vaughan, 183 Ark. 450, 36 S.W.2d 672; Morrison v. Bartlett, Tex.Civ.App., 131 S. W. 1146; Parker-Smith v. Prince Mfg. Co., Sup.Ct., 172 App.Div. 302, 158 N.Y.S. 346; # 2 R.C.L. § 132, p. 1049; G. R. Scott, Boone & Pope v. Willis, Tex.Civ.App., 194 S.W. 220; Tex.Jur., Vol. 5, Sec. 122; Walsh v. Shumway, 65 Ill. 471; Warner Co. v. Andrews, 2 Cir., 94 F.2d 13; Wilson v. Place, Tex.Civ.App., 293 S.W. 322, 323; Woodbury v. Andrew Jergens Co., 2 Cir., 61 F.2d 736."

This position is not thought to reflect the rule in Texas as to quantum meruit, in the circumstances here existing; to the contrary, it is inherently unsound, in assuming that the express or specific contract for the legal services in this instance was shown to have been breached in its entirety, when there is no such finding in the quoted verdict, nor, if there had been, would the evidence have supported it—quite the contrary; that is, unlike the varying states of fact ruling the cases so cited by the appellee, there was here, conclusively, neither a breach of this whole contract, nor an abandonment of its subject matter, nor even a refusal upon appellant's part to go on with his undertaking in behalf of the appellee; but, on the other hand, there was unmistakably and admittedly part performance thereof, which the appellee knew of, acquiesced in at the time, and so accepted the benefits of; moreover, these appropriated benefits were real and valuable, at least to the extent of the $85 the jury appraised them at; so that, a fair interpretation of the verdict is that—while appellant had not exercised in full measure the diligence he should have in defending the appellee's rights in the divorce suit, failing also to render all proper legal services to him—at the same time he had rendered him legal services of material value prior to being discharged by him, which the appellee had known of, acknowledged, and thereafter accepted, to his own benefit, as the jury on sufficient evidence determined, in the sum of $85; indeed, the appellee himself pled, to use the language of his answer, "That he graciously extended the time until November, 1938, for the services to be performed", thereby, as a matter of law, waiving the 30-day provision in their express contract, and by implication agreeing to give the appellant until November of 1938 within which to complete the balance of his undertaking in that regard. This constituted a recognition of his obligation to pay for such continued services what they were reasonably worth, at the end of that time. By the undisputed evidence, however, he did not await that specified date, although he knew the appellant was proceeding in efforts in his behalf, but, without any further understanding whatever between them, he discharged the appellant on or about the middle of October of 1938.

The authorities so cited by the appellee uphold his quoted contention, as against appellant's quantum meruit plea, when ap-

plied to these findings and this evidence; in fact, the rule as quoted by the appellee for such an effect from 7 Corpus Juris Secundum, Attorney and Client, § 183, cuts quite the other way, if applied to the undisputed state of this record, as follows: "The attorney is not entitled to his stipulated fee, where he fails to perform his contract; and if the attorney commits a material breach of his contract, he may thereby forfeit all right to compensation unless it appears that the client was willing that the attorney should fail to perform."

In other words, here the uncontroverted showing is, not only under the quoted pleadings of the appellee himself, but also under the proof and the findings that are not challenged by either litigant, that this client had waived the 30-day period in which the attorney was to obtain the divorce, and had expressly extended the time within which he could do so for five months longer, or until November of 1938; whereas, as just recited, without any modification or further agreement between them, and without notice to the appellant, who was continuing his efforts to carry out his part of that undertaking, appellee discharged appellant about mid-October.

Wherefor, what must be accepted as the established facts here bring this case within the quantum meruit rule as applied by such authorities as these: Parks v. Kelley, Tex.Civ.App., 147 S.W.2d 821, and 7 Corpus Juris Secundum, Attorney and Client, § 190, p. 1077, where the applicable rule is thus stated: "The attorney alone has no right to rescind an express contract, but where both parties assent to the abandonment thereof, an implied contract arises."

See, also, Hickox v. Elliott, C.C., 27 F. 830; 6 Corpus Juris p. 747; Tong v. Orr, 44 Ind.App. 681, 87 N.E. 147, 88 N.E. 308; Morrison v. Bartlett, Tex.Civ.App., 131 S.W. 1146; Texas Jurisprudence pp. 410, 412, 427, and 429, paragraphs 245 and 246; Wilson v. Place, Tex.Civ.App., 293 S.W. 322, 323.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; they require that the appealed-from judgment be reversed, and that judgment be here rendered in appellant's favor for the sum of $85, together with interest thereon at the rate of 6 per cent per annum from the 15th day of October, 1938.

Reversed and rendered.