**In the Matter of the ESTATE OF James Goree NATION, Deceased.**

**No. 9249.**

Court of Appeals of Texas, Texarkana.

May 14, 1985.

Gary L. McConnell, Angleton, for appellant.

Terry G. Collins, Larry Doherty, Houston, Lorraine Wilson, Stafford, for appellee.

CORNELIUS, Chief Justice.

Evan Strawn appeals by writ of error from a judgment denying him the right to intervene in the administration of a decedent's estate.

The county court granted Nadine Nation Dowdy letters of administration in the estate of James Goree Nation, her deceased

husband. Fred Gardner first represented Dowdy as her attorney. He later withdrew and Evan Strawn was substituted as Dowdy's attorney. On January 10, 1983, Strawn filed a motion to withdraw as attorney and to intervene to establish and recover attorney's fees. His petition alleged that he spent 315 hours and incurred certain expenses for the estate, that as a result of his efforts he established the estate's right to a substantial amount of property, and that he was entitled to attorney's fees pursuant to a contingent fee agreement, or alternatively, reasonable fees based on quantum meruit.

On June 10, 1983, a final judgment was rendered settling the estate, and denying Strawn's right to intervene. The record shows that no motion to strike Strawn's intervention was filed.

Strawn has shown himself entitled to appeal by writ of error. His petition was filed within six months of the judgment. He did not participate in the trial, having only filed a petition. *Sunbelt Const. Corp. v. S & D Mechanical,* 668 S.W.2d 415 (Tex.App.-Corpus Christi 1983, no writ). And, the error complained of is shown by the record. Tex.Rev.Civ.Stat. Ann. art. 2255 (Vernon 1971).

Any person may intervene in a judicial proceeding, subject to having the intervention stricken for good cause on the motion of any party. Tex.R.Civ.P. 60. The intervenor is not required to secure the court's permission to intervene. A party who opposes the intervention has the burden to challenge it by a motion to strike. *Jones v. Springs Ranch Co.,* 642 S.W.2d 551 (Tex.App.—Amarillo 1982, no writ); *Barrows v. Ezer,* 624 S.W.2d 613 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ); *Helton v. Kimbell,* 621 S.W.2d 675 (Tex. App.—Fort Worth 1981, no writ); *Bell v. Craig,* 555 S.W.2d 210 (Tex.Civ.App.—Dallas 1977, no writ). Absent such a motion, it is error to strike the intervention.

The judgment is reversed and the cause is remanded to the county court to conduct a hearing to determine the merits of Strawn's claim for attorney's fees.