**Tony DIAZ and Mike M. Perez, Appellants,**

v.

**The ATTORNEY GENERAL OF the STATE OF TEXAS, Appellee.**

No. 13–91–021–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 20, 1992.

Jesus Tirrez, Diaz, Tirrez & Associates, O.F. Jones, III, Victoria, Tony Diaz, Diaz, Tirrez & Associates, Austin, for appellants.

Adrian Vasquez, Asst. Atty. Gen., Victoria, Dan Morales, Atty. Gen., Will Pryor, First Asst. Atty. Gen., Mary F. Keller, Executive Asst. Atty. Gen., Ellen A. Abbott, Sp. Asst. Atty. Gen., Rhonda Amkraut Bayer, Asst. Atty. Gen., Child Support Enforcement, Austin, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA, and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Mike M. Perez brings this appeal to challenge the trial court's allocation of proceeds from a judgment to his obligations under a child support order from a different court. Tony Diaz, Perez' former attorney, also appeals complaining that the trial court incorrectly failed to allocate proceeds to him based on his contract with Perez. We reform the trial court's judgment, and as reformed, affirm.

Perez was adjudicated delinquent in child support payments due to his four children in the amount of $16,795.00 in the 36th Judicial District Court in Live Oak County. The judgment required Perez to pay $20.00 per child per week in child support, and $40.00 per week to make up the arrearage.

In a subsequent suit, Perez settled a $30,000.00 workers compensation claim. An Assistant Attorney General appeared at a hearing on the allocation of the proceeds, and asserted a claim for back child support. Diaz also appeared and asserted a claim.

The trial court divided the proceeds between the two attorneys for fees, costs, and repayment of loans, and withheld $13,-395.14 as a security deposit for past due child support obligations.

By three points of error, Perez complains that the court erred in allocating $13,395.14 as a security deposit for his child support obligations. Diaz brings one point of error complaining that the court erred in failing to allocate enough money to cover his claims for attorney's fees.

In Perez' first point of error, he argues that there was no proper intervention by the Assistant Attorney General. The Assistant Attorney General appeared at a hearing before judgment was entered. The trial court noted on the docket sheet that the Assistant Attorney General appeared and intervened. He participated in the hearing and adduced evidence. No party objected to his participation. The trial court rendered judgment that $13,395.14 of the proceeds should be posted as a security deposit to secure performance of past due child support payments.

At a later hearing after judgment was rendered, Perez' attorney argued that the court's allocation of proceeds was improper because the Attorney General had not properly intervened. The court, after expressing surprise, told the Assistant Attorney General to file a petition in intervention. The Attorney General then filed a document entitled "Petition in Intervention Nun [sic] Pro Tunc."

Prior to its amendment in 1990 TEX. R.CIV.P. 60 (Vernon 1989) provided:

Any party may intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party; ...

In addition, TEX.R.CIV.P. 61 provides:

These rules of pleading shall apply equally, so far as it may be practicable to intervenors and to parties, when more than one, who may plead separately.

Perhaps the most fundamental rule of pleading is TEX.R.CIV.P. 22 which provides:

A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk.

Rule 22 requires that a pleading must be on file for a suit to be "commenced." The record shows that there was no pleading on file at the time the Assistant Attorney General appeared and presented evidence. Thus, the Attorney General had not "commenced" a suit, and was not properly before the Court at the hearing where judgment was rendered.[1] Perez did not have written notice of the Attorney General's claim against him, and therefore did not have an opportunity to prepare a proper response. Under the circumstances present here, we hold that the trial court erred by rendering judgment for the Attorney General.

■ The Attorney General argues that appellant waived his right to complain of this error because there was no objection. TEX.R.APP.P. 52(a). We disagree. Without a pleading on file, the Attorney General had not properly intervened.[2] This absolute minimum procedural requirement of filing a petition to initiate a lawsuit for affirmative relief is not waivable. We have found no authority for the proposition that "oral lawsuits" of this nature are permissible in Texas. In fact, every reported decision we have reviewed permitting intervention indicates that a written petition in intervention was on file before rendition of judgment. We hold the trial court's error was not waived by Perez' failure to object.

■ The Attorney General also argues that the petition filed "nun [sic] pro tunc" cured the failure to file a petition in intervention before rendition of judgment. This argument is also without merit. Intervention filed after judgment is rendered is barred as a matter of law. *Comal County Rural High School Dist. v. Nelson*, 158 Tex. 564, 314 S.W.2d 956, 957 (1958); *Highlands Ins. Co. v. Lumberman's Mut. Cas-*

*ualty Co.*, 794 S.W.2d 600, 602–03 (Tex. App.—Austin 1990, no writ). The Attorney General was required to file a motion to set aside the judgment, and grant a new trial on the issue of allocation of the proceeds. *Comal County*, 314 S.W.2d at 957. Since the Attorney General failed to timely file a petition in intervention or to follow the procedural requirements of *Comal County*, we hold it waived whatever rights of intervention it possessed. Perez's first point of error is sustained. We modify the trial court's judgment to delete the assignment of funds to the bond for child support. Due to our ruling here it is unnecessary for us to address Perez' other points of error.

■ Appellant Diaz brings a point of error challenging the trial court's division of attorney's fees between him and Perez' current attorney. Diaz complains that the contract which he signed with appellant Perez required the court to award him one third of Perez' recovery. The judgment allocated $1000.00 in fees and $1150.00 in loan repayments and costs to Diaz. Jones was awarded $6500.00 in fees, $1853.00 in costs, and $5101.00 in loan repayments. By awarding a portion of the judgment to Diaz without awarding the entire contractual amount the trial court implicitly awarded a recovery based on quantum meruit.

■ When the client discharges an attorney without good cause before he has completed his work the attorney may recover on the contract. *Mandell & Wright v. Thomas*, 441 S.W.2d 841, 847 (Tex.1969). When the attorney abandons the contract before completion without good cause the attorney forfeits his right to compensation under the contract. *Staples v. McKnight*, 763 S.W.2d 914, 916 (Tex.App.—Dallas 1988, writ denied). When both parties assent to the contract's abandonment, an implied contract arises. *Young v. Tian*, 150 S.W.2d 317, 320 (Tex.Civ.App.—Galveston

---

1. In accord is new rule 60 which explicitly requires the filing of a pleading to intervene. TEX.R.CIV.P. 60.

2. The statement of facts indicates that the trial court was surprised when informed at a later hearing that no petition had been filed. Thus, the court's error was not intentional.

1941, writ dism'd). The measure of recovery for an implied contract is the reasonable value of the services provided. *Black Lake Pipe Line Co. v. Union Const. Co.*, 538 S.W.2d 80, 86 (Tex.1976), *overruled on other grounds, Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989).

 No findings of fact or conclusions of law were filed. If no such findings or conclusions are filed, all necessary findings supported by the evidence sustaining the judgment are implied. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989). We will affirm if any legal theory supported by the evidence sustains the trial court's actions. *Worford*, 801 S.W.2d at 109.

 The evidence was conflicting regarding the cause of the contract's termination. We hold the trial court did not err in holding that both parties assented to the contract's abandonment. Thus, an award of fees based on the reasonable value of services was proper. *Tian*, 150 S.W.2d at 320. We overrule Diaz' first point of error.

 In his second point, Diaz complains that the trial court erred in failing to award him attorney's fees for his efforts to recover the attorney's fees under the contract. Tex.Civ.Prac. & Rem.Code Ann. § 38.001(1) and (8) (Vernon 1990). Entitlement to attorneys' fees for breach of contract under § 38.001(8) occurs only if the claimant alleges and proves presentment of the claim. *Mendleski v. Silvertooth*, 798 S.W.2d 30, 32 (Tex.App.—Corpus Christi 1990, no writ); *Mackey v. Mackey*, 721 S.W.2d 575, 579 (Tex.App.—Corpus Christi 1986, no writ); *Western Casualty & Sur. Co. v. Preis*, 695 S.W.2d 579, 589–91 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.); *Manges v. Mustang Oil Tool Co.*, 658 S.W.2d 725, 730 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). Diaz did not prove presentment as a matter of law, or attack the trial court's implied factual finding of no presentment. Thus his second point is meritless.

We REFORM the trial court's judgment to eliminate its provision for a bond securing child support payments, and as REFORMED, AFFIRM.

NYE, Justice, dissenting.

I respectfully dissent. The majority finds that the Attorney General as intervenor must, absolutely, file a pleading for his intervention to properly commence, reasoning that any other ruling would result in a policy which allows "oral lawsuits." I find the majority's concern over the danger of oral lawsuits to be wasted on the facts presented here. I would hold that the Attorney General's intervention and the claims urged were issues litigated by consent. A more detailed recitation of what transpired at the hearing is necessary.

Two intervenors were present at the settlement hearing between Perez and U.S. Fire Insurance Company. Mr. Diaz was Perez's original attorney in this cause, and he asserted a claim for attorney's fees and repayment for money advanced. The Attorney General, represented by Adrian Vasquez, advanced a claim for child support. The trial court asked Perez if he understood that the Attorney General had appeared with a claim for child support and that settlement proceeds might be used to satisfy that claim. Perez replied that he did understand. Far from making any objection to the Attorney General's appearance, Perez's attorney informed the court that he and his client had discussed the matter with the Attorney General, and he believed that they had reached an accord. Perez never complained of the Attorney General's lack of pleadings, nor did he complain of lack of notice of the Attorney General's claims. Perez's attorney admitted early in the proceedings that Mr. Vasquez served him with a motion showing $440 in delinquent child support payments. When counsel informed the court that he and the Attorney General had agreed on the payment of the support, he even asked Mr. Vasquez the correct amount his client owed, agreeing later that his client was $1040 delinquent in payments. Mr. Vasquez participated throughout the hearing, answering the trial judge's questions, mak-

ing motions, and engaging in argument against Perez's counsel.

Perez urged that his payment of $80 per month ($40 in current child support and $40 towards arrearage, pursuant to a previous enforcement decree) satisfied his support obligation and insulated him from further collection attempts by the Attorney General. While he agreed that he was delinquent $1040, he resisted the Attorney General's position that all unpaid child support, including the amount adjudicated in the prior hearing, constituted arrearage. It is clear from the record that Perez never objected to the Attorney General's participation, but rather, he ably and vigorously contested the amount to be paid out of the settlement. Since he waived any complaint to intervention by failing to object, Perez should be estopped from attempting to void the award to the Attorney General now.

The majority relies upon Rule 22, which requires that a petition be filed before a suit may commence. TEX.R.CIV.P. 22. The majority reasons that the pleadings required by Rules 22 and 60 are minimum requirements, without which the intervenor would be allowed to try an oral lawsuit. I would hold that this case had already commenced under Rule 22 and that the Attorney General's claims were litigated by consent. An issue may be deemed to be tried by consent when the issue is developed at trial, the circumstances make it clear that both parties understood that such issue was in the case, and the other party fails to make an appropriate complaint. *Realtex Corp. v. Tyler,* 627 S.W.2d 441, 443 (Tex. App.—Houston [1st Dist.] 1981, no writ); TEX.R.CIV.P. 67. The record shows that Perez was fully aware of the nature of the claim the Attorney General asserted and of the amounts in dispute. Rule 60 states that a party may intervene in a lawsuit subject to being stricken, and leave of court is not required. *Mercure Co., N.V. v. Rowland,* 715 S.W.2d 677, 681 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); TEX.R.CIV.P. 60. The party opposing intervention has the burden of challenging it under Rule 60, and it is error for the court to deny a potential litigant the right to intervene if there has been no objection to

intervention based on sufficient cause. *Guaranty Fed. Savs. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 657 (Tex. 1990); *In re Nation,* 694 S.W.2d 588, 589 (Tex.App.—Texarkana 1985, no writ); *Apparel Contractors, Inc. v. Vantage Properties, Inc.,* 620 S.W.2d 666, 668 (Tex.Civ. App.—Dallas 1981, writ ref'd n.r.e.). By failing to object at the hearing, Perez waived his right to complain about the lack of pleadings. *See Northwest Otolaryngology Assoc. v. Mobilease, Inc.,* 786 S.W.2d 399, 402–03 (Tex.App.—Texarkana 1990, writ denied) (appellant could not complain about a lack of pleadings on right of subrogation because that evidence was introduced at trial by appellees without objection).

Fundamental error in civil trials is rare, and only occurs in those instances when the record shows on its face that the court lacked jurisdiction or that the public interest would be adversely affected. *Central Educ. Agency v. Burke,* 711 S.W.2d 7, 8 (Tex.1986). No fundamental error is presented here, as the court had subject matter jurisdiction as well as personal jurisdiction over the parties. Placing the burden upon counsel to object to interventions that could adversely affect his client would not be against the public interest. Therefore, in the absence of a proper trial objection, Perez waived his complaint. TEX. R.APP.P. 52(a).

The majority applies the rule in *Comal County Rural High School Dist. v. Nelson,* 158 Tex. 564, 314 S.W.2d 956, 957 (1958) and *Highlands Ins. Co. v. Lumberman's Mut. Casualty Co.,* 794 S.W.2d 600, 602–03 (Tex.App.—Austin 1990, no writ) somewhat routinely. The cases are distinguishable from the one at bar. In both of them, judgment had already been rendered, and the moving party never participated in the trial proceedings. The Court in *Highlands,* commenting on *Comal,* states, "the Court held simply that intervention after judgment, but before expiration of the trial court's jurisdiction, was barred as a matter of law unless and until the trial court first set aside its judgment *between the original litigants* and granted a new trial."

*Highlands,* 794 S.W.2d at 602 (emphasis added). Here, the Attorney General did not attempt to intervene *after* judgment was rendered, but appeared before judgment. Furthermore, the Attorney General *was* one of the original litigants.

I would hold that Perez willingly engaged in litigation of the Attorney General's claims. Therefore, any error presented by a lack of written pleadings was waived, and the issues presented by the intervenor were tried by consent. Moreover, since the right of intervention is founded in equity, *Highlands,* 794 S.W.2d at 601–602, Perez should be estopped from complaining about the award to the Attorney General now, because he continued to defend when he knew the Attorney General had filed no plea in intervention. I agree with the majority's disposition of the issue of attorney's fees.