Dismissed and Memorandum Opinion filed April 8, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00700-CV

___________________

 

J.A. Asafi, as Independent Administrator of
the Estate of Alosia Smith Rauscher, Deceased, and Todd Reagan Smith,
Appellants

 

V.

 

The Vanguard Group, Inc.,
Appellee



 



 

On
Appeal from Probate Court No. 2

Harris County,
Texas



Trial Court Cause No. 381,121

 



 

 

MEMORANDUM OPINION

            J.A. Asafi, as administrator of the Estate of Alosia
Smith Rauscher, Deceased, and Todd Reagan Smith (allegedly sole beneficiary of
the estate) (collectively “appellants”) appeal from the trial court’s dismissal
of their lawsuit against The Vanguard Group, Inc.  Appellants sued Vanguard for
refusing to provide information pertaining to financial accounts in which appellants
contended Alosia Rauscher may have had an interest at the time of her death. 
The trial court granted Vanguard’s special exceptions and dismissed the case
with prejudice.  On appeal, the parties dispute whether the trial court
properly dismissed the lawsuit.  We dismiss the appeal for want of jurisdiction.

Background

            Alosia
Smith Rauscher died on June 12, 2008.  She was survived by her son Todd Reagan
Smith and her husband at the time of her death, Martin Rauscher.  According to appellants’
pleadings, Smith was the sole beneficiary of Alosia’s will, and Asafi was named
as the administrator of her estate.  Appellants sued Martin in a lawsuit filed
prior to the current lawsuit.  In that prior lawsuit, appellants principally
sought a determination of ownership in certain accounts Martin and Alosia held
jointly with Vanguard.  Appellants contend that during the course of this
earlier lawsuit, they also sought information from Vanguard regarding accounts
owned by Martin, and in which appellants believed the estate might have an
interest, but Vanguard refused to provide the requested information.  According
to appellants, they made repeated requests of Vanguard, including in the form
of a deposition on written questions and interrogatories.  The trial court
granted partial summary judgment favoring Martin, based on Martin’s assertion
that the joint accounts passed to him through nontestamentory transfer.  Appellants
maintain that an appeal will be taken from this ruling.

            In
the present action, Asafi filed an original petition and two amended petitions
before Vanguard filed special exceptions, asserting that Asafi had failed to
state a cause of action.  Vanguard also moved to dismiss Asafi’s lawsuit if he
did not amend his pleadings to cure the alleged defect.  Asafi thereafter filed
his third amended pleading, which was the live pleading at the time the trial
court granted Vanguard’s exceptions and entered the order of dismissal.  In the
third amended petition, Smith was added as a plaintiff.  His name appears in
the style of the third amended petition, and specific claims are added to the
petition for him, including a claim for tortious interference with inheritance
rights.  Smith also signed the third amended petition as representing himself
“pro se.”  The petition includes a certificate of service signed by Asafi, who
represented himself in the lawsuit.

            Appellants
additionally filed a “Joint Response” to Vanguard’s special exceptions and
motion to dismiss.  In this response, appellants specifically reference Smith’s
individual claims against Vanguard.  Vanguard did not file any further special
exceptions or motions for dismissal.  The trial court granted the previously
filed special exceptions and dismissed the case with prejudice.

Discussion

Generally, an appeal may
be taken only from a final judgment.  Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001).  A judgment is considered final for purposes of
appeal if it disposes of all pending parties and claims in the record.  Id. 
Except for a few, mostly statutory, exceptions, if a judgment from which a
party has appealed is not final, but is instead interlocutory, then the court
of appeals must either abate the case or dismiss it for want of jurisdiction.  Id.
at 195-96.  The substance of the present case does not fall into any of the
recognized exceptions.  See generally Tex. Civ. Prac. & Rem. Code §
51.014 (authorizing interlocutory appeal under certain circumstances).

Here, the trial court’s
order specifically sustained Vanguard’s special exceptions and ordered that
“Plaintiff’s cause of action be dismissed with prejudice.”  The order does not list
Smith in the style and does not contain any language suggesting that it should
be considered final as to Smith or the claims raised by Smith in the third
amended petition.  The exceptions sustained in the order, having been filed
prior to the third amended petition, likewise do not address Smith’s
participation in the case.

In its appellate brief, Vanguard contends that Smith
is not properly a part of this appeal, or the case as a whole, because he did
not properly intervene in the proceedings prior to judgment.  Thus, according
to Vanguard, it is immaterial that the trial court’s order did not address
Smith or his claims.  Vanguard cites Diaz v. Attorney General of Texas
for the proposition that for a party to intervene in a lawsuit it must file a
written petition in intervention before rendition of judgment.  827 S.W.2d 19,
22 (Tex. App.—Corpus Christi 1992, no writ).  While we agree with this
pronouncement in Diaz, it does not aid Vanguard’s cause.  Under Rule 60
of the Texas Rules of Civil Procedure, “[a]ny party may intervene by filing a
pleading . . . .”  Tex. R. Civ. P. 60.  Smith did just that; he filed a joint
pleading with Asafi:  the third amended petition.  See, e.g., Sw. Const.
Receivables v. Regions Bank, 162 S.W.3d 859, 866-67 (Tex. App.—Texarkana
2005, pet. denied) (treating parties whose names and claims were added to
amended petition as intervenors); In re Jobe Concrete, No.
08-01-00351-CV, 2001 WL 1555656, at *4-5 (Tex. App.—El Paso Dec. 6, 2001, orig.
proceeding) (same).

Vanguard additionally argues that Smith does not have
the right to intervene in this lawsuit.  However, Vanguard did not make this
argument below, and it clearly was not a basis for the trial court’s order.  Under
Rule 60, “[a]ny party may intervene . . . subject to being stricken out by the
court for sufficient cause on the motion of any party.”  A court, however,
cannot strike a petition in intervention absent a motion to strike.  Guar. Fed.
Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990); Neely v.
Hubbard, No. 01-02-00160-CV, 2004 WL 35809, at *3 (Tex. App.—Houston [1st
Dist.] Jan. 8, 2004, no pet.).  Vanguard did not file a motion to strike the
intervention; thus, the trial court’s dismissal of the case cannot be interpreted
as striking the intervention.

Because the trial court’s order did not dispose of
Smith’s claims, that order was interlocutory.  Consequently, we do not have
jurisdiction to consider the merits of Asafi’s appeal.

We dismiss the appeal for want of jurisdiction.

                                                                                    

                                                            /s/                    Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.