# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00679-CV

**Daniel R. Gonzalez, Appellant**

**v.**

**Chris Barney and Sarah Barney, Appellees**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 425TH JUDICIAL DISTRICT
NO. 12-3749-F425, HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

Appellant Daniel R. Gonzalez appeals the trial court's denial of his claim for an award of attorneys' fees he asserts are owed to him by appellee Sarah Barney for legal services he performed on her behalf in connection with her divorce proceedings.[1]  In three issues, Gonzalez asserts that the trial court erred by denying his claim for fees.  We will reverse and remand.

### BACKGROUND

Gonzalez intervened in the underlying divorce proceeding and sought to recover attorneys' fees he alleged were owed to him for legal services he performed for Sarah Barney until she dismissed him as her attorney.  Gonzalez asserted that he was entitled to his fees pursuant to

---

[1]  Although Chris Barney was a party to the underlying proceedings, none of the causes of action Gonzalez asserted in his plea in intervention were against him.  Consequently, his liability, if any, for attorneys' fees owed by Sarah Barney is not at issue in this appeal.

theories of breach of contract, quantum meruit, and suit on a sworn account. The trial court held an evidentiary hearing regarding Gonzalez's claims. Both Gonzalez and Barney testified at the hearing. Gonzalez testified that Barney hired him to represent her on or about December 10, 2012. According to Gonzalez, Barney requested that he perform legal services related to retaining conservatorship of her children and to represent her in the divorce proceedings. Gonzalez sent Barney a document titled "Attorney Fee Contract." Although Barney never signed the contract, she did forward Gonzalez the $2,500 retainer he requested. Gonzalez testified that he performed legal services for Barney, including preparing and filing an original petition in a suit affecting the parent-child relationship, preparing and filing a motion to transfer venue, and working on preparing temporary orders. Gonzales stated that, as a result of his legal services, Barney retained the right to possession and access to both of her children and was given exclusive use and enjoyment of the marital home. Gonzalez testified that he billed Barney a total of $5,625 for these legal services and that, after application of the retainer, a balance of $3,125 remained. Gonzalez testified that he and Barney agreed to an hourly rate of $250, which Gonzalez stated was a reasonable and customary rate for attorneys with his experience in Williamson County. Gonzalez testified that he sent Barney an invoice dated January 22, 2013, which she returned with the notation "I am relieving you of your duties. —Sarah Barney." Gonzalez then sent Barney a final bill on February 6, 2013, which added charges for work performed before he was dismissed but that were not included on the January 22 bill. The stated amount due was $3,125. The invoice did not include a description of the legal services provided; rather, it stated simply that Gonzalez had done 3.5 hours of work in

December 2012 and 19 hours of work in January 2013 at $250 per hour. Gonzalez testified that Barney did not pay the balance he claims is owed.

Barney testified that she hired Gonzalez to represent her in the divorce proceedings on December 10, 2012. She stated that she received an attorney-services contract by email but never signed it. Barney acknowledged that she sent Gonzalez the requested $2,500 retainer. Barney stated that Gonzalez told her he would apply her retainer to his billings and then would send her monthly statements. Barney testified that she received the January 22, 2013 invoice by email and that she understood the invoice to indicate that she owed $2,812 less the retainer amount of $2,500, for a total of $312.50. According to Barney, Gonzalez never sent her a subsequent invoice and made no additional demand for payment.

The trial court adjourned the hearing and took Gonzalez's claims under advisement. Thereafter, the trial court denied the claims Gonzalez asserted in his plea in intervention, and this appeal followed.

## DISCUSSION

Gonzalez brings three issues challenging the trial court's denial of his request for attorneys' fees under either a breach of contract theory, quantum meruit, or as a suit on a sworn account. No findings of fact or conclusions of law were filed. When no such findings or conclusions are filed, all necessary findings supported by the evidence sustaining the judgment are implied. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). We will affirm if any legal theory supported by the evidence sustains the trial court's actions. *Id*.

3

In the present case, the evidence at trial established that Barney discharged Gonzalez approximately one month after he began working for her. When a client discharges an attorney without good cause before he has completed his work, the attorney may recover on the contract that governs the attorney-client relationship. *See Mandell & Wright v. Thomas*, 441 S.W.2d 841, 847 (Tex. 1969); *Diaz v. Attorney Gen. of the State of Tex.*, 827 S.W.2d 19, 22 (Tex. App.—Corpus Christi 1992, no writ). When an attorney abandons the contract before completion without good cause, the attorney forfeits his right to compensation under the contract. *Staples v. McKnight*, 763 S.W.2d 914, 916 (Tex. App.—Dallas 1988, writ denied). When both parties assent to a legal-services contract's abandonment, an implied contract arises. *See Diaz*, 827 S.W.2d at 22; *Young v. Tian*, 150 S.W.2d 317, 320 (Tex. Civ. App.—Galveston 1941, writ dism'd). The measure of recovery for an implied contract is the reasonable value of the services provided. *See Black Lake Pipe Line Co. v. Union Constr. Co.*, 538 S.W.2d 80, 86 (Tex. 1976), *overruled on other grounds sub nom. Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989).

Although the evidence was uncontroverted that Barney discharged Gonzalez from his "duties," Gonzalez failed to present any evidence tending to prove that Barney did not have good cause to do so. Gonzalez did not contest the dismissal, but rather sought only to recover fees for the services he had already provided. Any implied finding that Barney and Gonzalez did not assent to abandoning their agreement is unsupported by, and in fact contrary to, the evidence. Nor was there any evidence that Gonzalez abandoned the contract before completion without good cause, and any such implied finding is also unsupported by any evidence. Barney did not controvert Gonzalez's

4

testimony that they had an agreement that Gonzalez would provide legal services related to her divorce proceeding at a rate of $250 per hour.

Although Gonzalez's evidence showed that he was entitled to an award of some attorneys' fees, he did not establish as a matter of law the reasonable value of the services provided or that the number of hours he billed Barney was reasonable and necessary for the legal services performed. Gonzalez provided a general description of the tasks he performed, but he did not itemize his bill or otherwise tie the lump sum amounts in his invoices to those tasks. Thus, he presented evidence that he was entitled to some amount of fees for the work performed, and there was more than a scintilla of evidence that a reasonable fee for all services provided exceeded the $2,500 retainer. In the absence of evidence affirmatively showing that no attorneys' services were needed beyond that covered by the retainer, or that any of the additional services provided were of no value, an award of no fees was improper. *See Midland W. Bldg. L.L.C. v. First Serv. Air Conditioning Contractors, Inc.*, 300 S.W.3d 738, 740 (Tex. 2009) (award of no fees improper in absence of evidence affirmatively showing that no attorneys' services were needed or that services provided were of no value); *Dilston House Condo Ass'n v. White*, 230 S.W.3d 714, 718 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (affirming total denial of attorneys' fees due to complete absence of any evidence regarding attorneys' fees incurred). Because Gonzalez did not show as a matter of law the amount of fees to which he is entitled, we will remand the case to the trial court for a new trial on the reasonable value of the legal services Gonzalez performed. *See Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 548 (Tex. 2009) (new trial on attorneys' fees required when no evidence supports jury's refusal to award any fees); *Tony Gullo Motors I, L.P.*

5

*v. Chapa*, 212 S.W.3d 299, 314 (Tex. 2006) (remand, rather than award of zero attorneys' fees, required when attorney presented some evidence of fees).

**CONCLUSION**

We reverse the trial court's judgment and remand the case for a new trial on the reasonable value of Gonzalez's legal services performed on Barney's behalf.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Reversed and Remanded

Filed:   December 30, 2014