Doris Alred HIGH et al v. SOUTHERN FARM
BUREAU CASUALTY INS. CO.

5-5042                                         445 S. W. 2d 507

Opinion delivered October 13, 1969

*Howell & Price*, for appellants.

*Cockrill, Laser, McGehee, Sharp & Boswell*, for appellee.

Conley Byrd, Justice. Appellant Doris Alred High brought this action against appellee Southern Farm Bureau Casualty Insurance Co. alleging that it is liable for accrued interest on a judgment she recovered against the Company's insured, because the Company, although it had already paid out its policy limits, failed to pay court costs of $17.10. For reversal of the trial court's judgment appellant relies upon the following point:

"Southern Farm's failure to pay the court costs taxed against its insured, Charles Cornett, renders it, under its policy, liable for interest accruing on the entire judgment until such time as these court costs are paid."

The record shows that the Company's insured Charles Cornett was involved in an automobile collision in 1959, in which several persons including appel-

lant's decedent were injured. Prior to appellant's judgment the Company paid out its policy liability limits settling other claims. However it is stipulated that the Company pursuant to its policy agreements furnished a defense to appellant and paid all the court costs except the $17.10 that appellant advanced when she filed suit. In 1962, appellant received a judgment against Cornett for $57,000. That judgment provided:

"and that the plaintiff have judgment for her costs herein expended; for all of which execution may issue."

The policy issued to Charles Cornett provided:

"Southern Farm Bureau Casualty Insurance Company. . .

(Herein called the Company)

"Agrees with the insured, named in the declarations made a part thereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

## INSURING AGREEMENTS

"I. COVERAGES

COVERAGE A—BODILY INJURY LIABILITY. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile.

"COVERAGE B—PROPERTY DAMAGE LIA-
BILITY. . . .

"II. DEFENSE, SETTLEMENT, BONDS, SUP-
PLEMENTARY PAYMENTS. As respects such
insurance as is afforded by the other terms of this
policy,

"(a)   under Coverages A and B the Company shall

"(1)   defend in his name and behalf any suit
against the insured alleging such injury, or destruc-
tion and seeking damages on account thereof, even
if such suit is groundless, . . .

"(2)   pay . . . all costs taxed against the insured in
any such suit; all expenses incurred by the Com-
pany; all interest accruing after entry of judgment
until the Company has paid, tendered, or deposited
in court such part of such judgment as does not ex-
ceed the limit of the Company's liability thereon; . . .

"(b)   . . .the Company agrees to pay the amounts
incurred under this insuring agreement, except set-
tlements of claims and suits, in addition to the ap-
plicable limit of liability of this policy."

Appellant contends that the Company is required
under the quoted provisions to pay interest on the entire
judgment until it "paid, tendered or deposited in court"
the $17.10 costs recovered in the original judgment and
for which the Company was liable under the policy
terms but which were never "paid, tendered, or paid
into court." With this we do not agree.

It will be noted that under Insuring Agreement
No. 1 the Company set forth its Coverages A and B.
Under Insuring Agreement No. II the policy provides:

"(a)   under Coverages A and B the Company

shall (1) . . . (2) pay . . . all interest accruing after entry of judgment until the Company has paid . . . such part of such judgment as does not exceed the limit of our Company's liability *thereon; . . .*" [Em-*phasis ours.*]

Merriam-Webster New International Dictionary (2d ed. 1935) defines the term "thereon" as an adverb meaning "thereupon; after, or as a result of, some specified thing." The same dictionary defines an adverb as: "A qualifier of a verb or of another qualifier, whether adjective, adverb, or qualifying phrase or clause, or of verbal nouns and nouns expressing action or state." Thus when we consider that the adverb "thereon" means "as a result of" and that "the limit of the Company's liability" is not affected by the judgment but by the Coverages A and B, we can only conclude that "the limit of the Company's liability thereon" refers to the coverages under A and B and does not affect the coverages otherwise provided in Insuring Agreement No. II.

In *River Valley Cartage Co. Inc.* v. *Hawkeye-Security Ins. Co.,* 17 Ill. 2d 242, 161 N. E. 2d 101 (1959), Justice Schaefer pointed out that the purpose of the interest clause requiring the insurer to pay the accrued interest until such time as it had tendered the limit of its liability thereon was brought about by the relationship between the parties which gave the insurer complete control of any litigation from which it might incur liability. He there pointed out that, since the insured could not settle with the injured party without releasing the insurer from its obligation, the accumulation of interest was the responsibility of the insurer. That is not the situation under the facts of this case. The Company here had already paid the limit of its liability to the other parties injured in the accident and consequently had no liability to protect in the litigation nor a reason to prevent the insured from settling. Thus we find that appellants' contention here is also contrary to the

intent and purposes for which the interest clause was placed in the policy by the insurance underwriters.

Affirmed.

GEORGE ROSE SMITH, J., concurs.

FOGLEMAN, J., disqualified.