**Lydia M. HARVEY, Individually and d/b/a Harvey's Zip Gas and d/b/a Minnow Ranch, Appellant,**

**v.**

**PEDIGO OIL CO., INC., Appellee.**

**No. 17890.**

Court of Civil Appeals of Texas, Fort Worth.

Oct. 13, 1977.

Rehearing Denied Nov. 10, 1977.

John Harvill, Bridgeport, for appellant.

Milford Lee Hall, Bowie, for appellee.

OPINION

HUGHES, Justice.

Pedigo Oil Co., Inc. sued Lydia Harvey, d/b/a Harvey's Zip Gas and d/b/a Minnow Ranch, on a sworn account. Harvey filed an unsworn pleading containing a general denial and a special exception to Pedigo's request for attorney's fees. Pedigo filed a Motion for Partial Summary Judgment which was controverted by a sworn reply from Harvey. Jury was waived and trial was had before trial court on the merits, as well as on the summary judgment. The trial court rendered judgment for Pedigo in the amount of $10,599.07 and for attorney's fees of 25%.

We affirm.

The Statement of Facts reveals that, at the time of the suit, Pedigo was a petroleum jobber supplying gasoline, diesel and other petroleum products to service stations, including the two operated by Harvey. For some time Pedigo had been delivering gasoline to underground tanks owned by it at the stations operated by Harvey. Harvey had control of the Pedigo-owned pumps at both her locations and was charged for the gas actually pumped through those pumps. Pedigo would accept the "read outs" made on the pump meters from time to time and bill Harvey for same. Harvey paid these billings by check until March, 1976 when Bowie National Bank refused payment for insufficient funds.

Harvey claims the trial court erred because the gasoline, subject of this suit, was not sold to her but was on consignment. Under Tex.Bus. & Comm.Code Ann. § 2.316 (Tex.UCC 1968), Harvey claims there was not a sale and that Pedigo retained title until it was sold to the retail customer and simply paid her a 2¢ commission for each gallon sold through Pedigo's pumps in her station. Therefore it was a "special contract" and not an open account to support a sworn account under Tex.Rev.Civ.Stat.Ann. art. 2226.

Pedigo contends that a sale from it to Harvey took place every time gas was pumped, being part of a continuing day to day and month to month transaction as envisioned by Tex.Rev.Civ.Stat.Ann. art. 2226.

Harvey made no contention that the metering was incorrect or as to the amount of the checks.

There is no question that gasoline is personal property after severance. *Tirado v. Tirado*, 357 S.W.2d 468 (Tex.Civ.App.—Texarkana 1962, writ dism'd w. o. j.).

We hold that the facts in this case sustain Pedigo's sworn account pleading

and that a *special* contract is not here involved. *Davis Bumper to Bumper, Inc. v. American Petrofina Co.*, 420 S.W.2d 145 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.), in fact, recognizes the sale of gasoline as coming under a suit on sworn account. We note that Harvey did not deny under oath Pedigo's sworn pleadings, giving further support to trial court's decision for Pedigo.

By Point of Error Number 2, Harvey says the trial court erred in allowing Pedigo attorney fees because there is no evidence showing that Pedigo presented to Harvey the account sued upon 30 days before the date judgment was rendered.

Harvey correctly cites *Edinburg Meat Products Co. v. Vernon Co.*, 535 S.W.2d 432 (Tex.Civ.App.—Corpus Christi 1976, no writ), for the proposition that plaintiff has the burden of proving presentment of claim at least 30 days before judgment even though defendant's original answer was legally insufficient to put in issue matters relating to the sworn account itself.

We realize that mere filing of the suit does not constitute presentment of the claim under Tex.Rev.Civ.Stat.Ann. art. 2226.

However, in this case Pedigo's lawyer, Milford Hall, testified to going to see Mrs. Harvey (Mrs. Barker?) "to talk to her about it [the account], but I was engaged in a very abrupt . . . manner by a fellow on the premises by the name of James Barker, who threatened to whip me, . . the only question I was allowed to get from the defendant in this cause, Mrs. Harvey, was the fact that you [Mr. Harvill] were representing her." She said, "I have hired a lawyer. You go take it up with him."

Mrs. Harvey (Barker) admitted to essentially the same conversation at that time with some variations and differences.

Pedigo filed suit the next day asking for a judgment including attorney's fees and more than 30 days thereafter filed an amended petition asking for a judgment on sworn account and attorney's fees. On August 31, 1976 trial court rendered the judgment here appealed.

At the trial extensive testimony was elicited concerning the terms between Pedigo and its attorney for a one-third fee contingent on recovery as well as a substantial listing of time and work expended by Mr. Hall in this case.

Taking these facts into consideration and giving every reasonable intendment to the findings of the trial court, we hold that the trial court did have sufficient evidence of presentment of the claim to justify assessing the attorney fees adjudged.

Affirmed.