Clinton MANGES, Appellant,

v.

MUSTANG OIL TOOL COMPANY, INC., Appellee.

No. 13–82–244–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 1, 1983.

Rehearing Denied Oct. 6, 1983.

Pat Maloney, San Antonio, for appellant.

Kenneth L. Yarbrough, Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment in favor of plaintiff in a suit on sworn account. Mustang Oil Tool Company, Inc., plaintiff, sued Clinton Manges and Houston Natural Gas Corporation, defendants, to recover for services and equipment furnished the defendants in connection with certain defendants' oil and gas operations. Suit was filed on January 28, 1977. Houston Natural Gas Corporation was dropped from the case prior to the rendition of judgment. Following a trial to the court, judgment was rendered for plaintiff in the amount of $236,295.98 for services and equipment furnished, together with interest thereon at the rate of six (6%) per cent per annum from thirty (30) days following the date of the invoices attached to plaintiff's original petition until the date of judgment in the amount of $76,714.48. Plaintiff was further awarded $78,765.32 for "reasonable attorney's fees." In addition, certain mechanic's and materialman's liens against defendant Manges' oil and gas leasehold estates in the several properties described in the exhibit attached to plaintiff's original petition were foreclosed, and it was ordered that "sale should be granted."

Defendant Manges, hereinafter referred to as "defendant," contends in his first point of error that the trial court erred in overruling his motion for new trial because he was denied a jury trial. We will overrule the point for the reasons hereinafter stated.

The sequential procedural background of the case insofar as the first point of error is concerned is as follows: 1) the judgment was signed on April 20, 1982; 2) defendant's motion for new trial, which was timely filed, was overruled on July 2, 1982; 3) defendant, on July 9, 1982, filed a request with the district clerk "to prepare, for inclusion in the Transcript of these proceedings, all matters required by law and Tex.R. Civ.P. 376, to be contained therein"; 4) the transcript, which was prepared in accordance with such request, contained: (a) plaintiff's original petition, (b) defendant's first amended original answer; (c) final judgment, (d) motion for new trial, (e) order overruling motion for new trial, (f) cost bond, (g) request to clerk to include material in transcript, (h) bill of costs, and (i) clerk's certificate; 5) the original transcript was filed in this Court on July 28, 1982; 6) defendant, on August 27, 1982, filed his brief and a motion to file a supplemental transcript, which was to include: (a) defendant's motion for continuance; (b) defendant's motion to set the case on the jury docket, along with the payment of the jury fee of $5.00; (c) defendant's motion to recuse the trial judge; (d) copy of docket sheet; (e) notice of hearing on dismissal for want of prosecution; (f) notice setting up docket-control conference for January 21, 1982; (g) defendant's motion to modify or reform judgment; and (h) order denying defendant's motion to modify or reform the judgment; 7) this Court, on September 9, 1982, granted defendant's motion to file a supplemental transcript; 8) plaintiff's brief was filed in this Court on September 27, 1982; 9) thereafter, the case was duly set for oral argument on May 12, 1983; 10) counsel for both parties appeared in this Court on May 12, 1983, at 2:00 p.m., and announced ready, whereupon arguments were heard; 11) at the conclusion of the argument by defendant's counsel, plaintiff's counsel announced that he would not respond to defendant's counsel's argument that it was reversible error for the trial court to refuse defendant's request for a trial by jury because there was nothing in the record which showed that a request for a jury trial was ever timely made by defendant; 12) at the conclusion of all arguments, this Court advised counsel submission and would be reviewed in the light of the record as it then existed; 13) thereafter, and during the late afternoon of May 12, 1983, counsel for defendant tendered, to the

Clerk of this Court, a supplemental transcript which included the documents set forth in "(6)" above; 14) the supplemental transcript was not filed in this Court but was marked "Received"; and 15) on May 20, 1983, defendant filed a motion in this Court "TO APPROVE THE LATE FILING OF SUPPLEMENTAL TRANSCRIPT"; we have carried the motion with the case. The district clerk's certificate shows that the supplemental transcript was completed on May 12, 1983.

The procedural history of this case shows that defendant filed his brief and his motion for leave to file a supplemental transcript on August 27, 1982. It is clearly established that defendant, on that date, was aware of the fact that the request for a trial by jury had not been included in the original transcript. He should have been aware of the necessity to obtain and file a supplemental transcript if such asserted error was to be reviewed by this Court. Defendant's motion for leave to file a supplemental transcript was granted by this Court on September 9, 1982. Thereafter, on April 11, 1983, the Clerk of this Court notified counsel for defendant that the cause had been set for submission on May 12, 1983 at 2:00 p.m. On April 18, 1983, counsel for defendant requested oral argument in this Court.

Counsel for defendant has not advanced any reason or excuse as to why the supplemental transcript was not filed in this Court before May 12, 1983, at 2:00 p.m. Understandably, on that date and at that time, plaintiff and its counsel were led to believe that defendant intended to submit the case on the original transcript and statement of facts as they existed immediately prior to submission. When the case was called for oral argument, the supplemental transcript was not before us, and there was nothing in the record at that time for review with respect to the first point of error. Therefore, we could consider the point only if we permitted the supplemental transcript to be filed after the case was under submission. This, we decline to do. If we were to do so, in all fairness to plaintiff we would be obliged to re-schedule the case for oral argument on the first point of error. This would impose a hardship on plaintiff in that the decision by this Court would be unduly delayed as a result of defendant's unexplained failure to file the supplemental transcript before the case was taken under submission. Moreover, the delay in handing down a decision in this case would interfere with the orderly disposition of the cause. Litigants are entitled to an expeditious determination of the appeal, and the rules should be given an interpretation which will further, and not impede, the orderly disposition of the cause. *King v. Cron,* 285 S.W.2d 833, 834 (Tex.Civ. App.—San Antonio 1955, writ ref'd n.r.e.), cert. denied, 352 U.S. 843, 77 S.Ct. 67, 1 L.Ed.2d 59 (1966). Leave to file the supplemental transcript is denied. Since nothing is presented for review, defendant's first point of error is overruled.

Defendant, in his second point of error, contends that the trial court committed reversible error by admitting into evidence the original petition of plaintiff as prima facie evidence of the sworn account. We do not agree.

The petition filed herein by plaintiff was duly verified in accordance with the provisions of Tex.R.Civ.P. Rule 185. In response to this petition, defendant filed his first amended original answer, his trial pleading, which answer stated that it was filed "pursuant to Rule 185, T.R.C.P.," and in pertinent part, reads as follows:

"Before an announcement of ready in said cause, defendants file this written denial, under oath, stating that some specified items are not just and true."

Rule 185 provides that in a suit on a sworn account plaintiff's petition, properly verified, "shall be taken as prima facie evidence thereof." Such rule also provides that unless the defendant, before an announcement of ready for trial in said cause, files "a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true," the defendant shall not be permitted to deny the plaintiff's claim.

■ If a defendant files an answer which is not in compliance with Rule 185, he will not be permitted to deny the plaintiff's sworn account or any item contained therein. *Collins v. Kent-Coffey Manufacturing Company,* 380 S.W.2d 59 (Tex.Civ.App.— Eastland 1964, writ ref'd).

■ Defendant's written denial in the instant case does not meet the requirements of a verified denial under Rule 185. It is legally insufficient to put in issue the matters relating to the action on the sworn account, and consequently, plaintiff was not required to put on any proof of facts alleged by it in its petition. Specifically, defendant in essence, denies "some" of the items in the sworn account and such items are not described in intelligible detail. Consequently, the defendant will not be permitted to deny the plaintiff's claim or any item included therein. *Wilson v. Browning Arms Company,* 501 S.W.2d 705 (Tex.Civ. App.—Houston [14th Dist.] 1973, writ ref'd); *Glasco v. Frazer,* 225 S.W.2d 633 (Tex.Civ.App.—Dallas 1949, writ dism'd); *Collins v. Kent-Coffey Manufacturing Company,* supra. The intention of the rule is to require that the items challenged should be specifically named, so that the plaintiff may be able to ascertain the exact items so challenged.

■ The word "specified" as used in Rule 185 has a clearly defined meaning. In the transitive, it means mentioned or named in a specific manner; or told or stated precisely or in detail; or particularized in such manner as to set forth in intelligible detail. See *Collins v. Smith,* 142 Tex. 36, 175 S.W.2d 407, 409 (1943); *Tindall v. Tacconelly,* 328 S.W.2d 909, 910 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.); *Republic National Bank of Dallas v. Strealy,* 343 S.W.2d 284 (Tex.Civ.App.—Fort Worth 1961, rev'd on other grounds, 163 Tex. 36, 350 S.W.2d 914). The Supreme Court, in *Rizk v. Financial Guardian Insurance Agency, Inc.,* 584 S.W.2d 860, 862 (Tex.1979), speaking through Justice Barrow said:

"Rule 185 is not a rule of substantive law but is a rule of procedure with regard to evidence necessary to establish a prima facie right of recovery. *Meaders v. Biskamp,* 159 Tex. 79, 316 S.W.2d 75 (1958). In the absence of a sworn denial meeting the requirements of the rule, the account is received as prima facie evidence as against a defendant sued thereon, and the defendant may not dispute the receipt of the items or services, or the correctness of the stated charges although he may defend on other grounds. 2 R. McDonald, Texas Civil Practice § 7.31 (rev. 1970). Most courts have been very exacting in the nature of the language used in sworn denials of a verified account. . . ." (citations omitted).

The Supreme Court, in *Crystal Investments d/b/a Crystal Wells Services v. Clinton Manges,* 596 S.W.2d 853 (Tex.1980), in reviewing the supplemental answer filed by the defendants, held that the answer did not meet the requirements of Rule 185. The Court, in a Per Curiam opinion, said:

"The supplemental answer does not contain language denying the validity of the claims for *all* items, or denying the validity of some *identified* item or items contained in the sworn account." (Emphasis added).

■ The instant case falls within the purview of *Rizk* and *Crystal Investments.* The written denial in the case now before us does not deny the validity of *all* items, or of some *identified* item or items. Merely filing a written denial which denies that "some specified item or items are not just and true," satisfies neither the pleading requirements of Rule 185 nor the purpose for the rule. Plaintiff was entitled to judgment on his sworn account pleadings, plus interest thereon as provided in the judgment. Defendant's second point of error is overruled.

Defendant, in his third point of error, complains that there is no evidence of presentment of plaintiff's claim so as to entitle him to a recovery of attorney's fees. We agree.

■ Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1982–83) provides that in a suit founded upon a sworn account, "[a]ny

person ... having a valid claim ... may present the same ... and if at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the complainant may, if represented by an attorney, also recover, in addition to the claim and costs, a reasonable amount as attorney's fees." This statute is penal in nature and must be strictly construed. *Van Zandt v. Fort Worth Press,* 359 S.W.2d 893 (Tex.1962).

█ In order to recover attorney's fees in a suit on a sworn account, as provided by art. 2226, it is necessary for the plaintiff to *allege* and *prove* that he *presented* his claim to the defendant at least 30 days prior to the rendition of judgment, and that the latter failed to pay the same. *European Import Co., Inc. v. Lone Star Co., Inc.,* 596 S.W.2d 287 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *El Paso Mld. & Mfg. Co., Inc. v. Southwest For. Ind., Inc.,* 492 S.W.2d 331 (Tex.Civ.App.—El Paso 1973, writ ref'd n.r.e.).

█ Filing a suit on a sworn account, of itself, is not a presentment of the claim within the meaning of art. 2226. *Harvey v. Pedigo Oil Co., Inc.,* 557 S.W.2d 167 (Tex. Civ.App.—Fort Worth 1977, writ ref'd n.r. e.); *European Import Co., Inc. v. Lone Star Co., Inc.,* supra; *El Paso Mld. & Mfg. Co., Inc. v. Southwest For. Ind., Inc.,* supra. See also, *Huff v. Fidelity Union Life Insurance Company,* 158 Tex. 433, 312 S.W.2d 493 (1958), and *Metropolitan Life Ins. Co. v. Wann,* 130 Tex. 400, 109 S.W.2d 470 (1937).

█ The purpose of the requirements for presentment of the claim is to allow the person against whom it is asserted, an opportunity to pay the same within 30 days after they have notice of the claim without incurring an obligation for attorney's fees. No particular form of presentment is required. *Jones v. Kelley,* 614 S.W.2d 95, 100 (Tex.1981).

Plaintiff alleged in his petition:

"VIII

That all just and lawful offsets, payments and credits due the Defendant, Clinton Manges, have been made each of the verified statements of account marked Exhibits 'A' through 'F', attached hereto and made a part hereof, and there is presently an outstanding balance on said accounts owing by the Defendant, Clinton Manges, to the Plaintiff in the total sum of Two Hundred and Thirty-six Thousand Two Hundred and Ninety-five and 98/100 Dollars ($236,295.98), as set out in said Exhibits. That more than thirty days have elapsed since Defendant, Clinton Manges, has been duly presented with Plaintiff's claim for said sum so owing, and the Defendant, Clinton Manges, has wholly failed and refused to pay said sum, or any part thereof."

█ It is firmly established in our jurisprudence that a pleading without proof will not sustain a judgment. *Stone v. Boone,* 160 S.W.2d 578, 581 (Tex.Civ.App.— Fort Worth 1942, writ ref'd); *Hartford Accident & Indemnity Co. v. Moore,* 102 S.W.2d 441, 443 (Tex.Civ.App.—Dallas 1937, writ ref'd); *Farm & Home Savings and Loan Ass'n. v. Muhl,* 37 S.W.2d 316, 319 (Tex.Civ.App.—Waco 1931, writ ref'd). The record shows that plaintiff did allege a presentment of his claim to defendant; however, there is no evidence that such presentment was made. In that state of the record, the judgment, being fatally defective, cannot stand insofar as the award of attorney's fees to plaintiff is concerned. Defendant's third point of error is sustained.

In view of the action which we have taken with respect to defendant's third point of error, it is not necessary that we consider defendant's fourth and fifth points of error, wherein he contends that the award is grossly excessive, and that the evidence is factually insufficient to support such an award.

Accordingly, the judgment of the trial court is reformed to eliminate the award of attorney's fees and as thus reformed, the judgment is affirmed. See *Van Zandt v. Fort Worth Press,* supra. Costs of this

appeal are assessed 80% to defendant and 20% to plaintiff.

REFORMED, AND AS REFORMED, AFFIRMED.